IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES D. SLACK, JR., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:26-cv-3143-G-BN |
| | § | |
| STATE FARM LLOYDS, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge by Senior United States District Judge A. Joe Fish pursuant to 28 U.S.C. § 636(b) and a standing order of reference. *See* Dkt. No. 3.

Plaintiff James D. Slack, Jr. has filed a Motion to Remand. *See* Dkt. No. 14.

The undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should deny the Motion to Remand [Dkt. No. 14] and retain jurisdiction over this lawsuit.

**Background**

Slack, proceeding *pro se*, filed this lawsuit in state court on May 4, 2026 against Defendant State Farm Lloyds. *See* Dkt. No. 1-3. He filed an Amended Original Petition on June 1, 2026. *See id.* at 30-33. Slack sought, among other damages, "[m]onetary relief of over $250,000 for actual damages for repair and replacement costs not to exceed the Policy limits" of his homeowners insurance policy. *Id.* at 32.

Defendant State Farm Lloyds answered the Amended Original Petition. *See id.* at 37-38. The same day, Slack moved for default judgment against State Farm. *See id.* at 41-44.

On September 16, 2026, State Farm removed the case to this Court on the basis of diversity jurisdiction. *See* Dkt. No. 1; 28 U.S.C. §§ 1332 & 1441.

Slack filed this Motion to Remand, arguing that removal was improper because State Farm failed to show that none of its underwriters or subscribers are citizens of Texas. *See* Dkt. No. 14.

**Legal Standards**

For a federal court to have jurisdiction over a state action based on diversity, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. §§ 1332(a); *Mitchell v. Bailey*, 982 F.3d 937, 942 (5th Cir. 2020), as revised (Dec. 30, 2020).

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a). And, "[w]hen a plaintiff files in state court a civil action over which the federal district courts would have original jurisdiction based on diversity of citizenship, the defendant or defendants may remove the action to federal court, 28 U.S.C. § 1441(a), provided that no defendant 'is a citizen of the State in which such action is brought,' [28 U.S.C.] § 1441(b)." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68, (1996).

As to the amount-in-controversy requirement, if a state-court "petition is silent

(as is often the case in state courts in our jurisdiction), the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022) (cleaned up).

> The defendant can meet that burden in one of two ways: (1) by establishing that it is "facially apparent" that the claims are likely to exceed $75,000, or (2) by setting forth the facts in controversy that support a finding of the requisite amount.

*Guijarro*, 39 F.4th at 314 (cleaned up).

The defendant may meet its burden by this second route if it "sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (cleaned up); *accord Addo v. Globe Life and Acc. Ins. Co.*, 230 F.3d 759, 761 (5th Cir. 2000) ("Under 28 U.S.C. § 1446(b), 'if the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant ... of a copy of an amended pleading, motion order *or other paper* from which it may first be ascertained that the case is one which is or has become removable ... .'") (emphasis in original) (quoting 28 U.S.C. § 1446(b)) (cleaned up).

And, because "[t]he jurisdictional facts that support removal must be judged at the time of the removal," the Court's task is to "determin[e] the amount in controversy at the time of removal." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (cleaned up).

**Analysis**

Slack argues that State Farm failed to establish that none of its underwriters or subscribers are citizens of Texas, thus failing to show complete diversity. *See* Dkt. No. 14 at 1-2. In making this argument, Slack points to the following language in State Farm's Notice of Removal: "for the purposes of diversity of citizen, State Farm is not a Texas citizen, it is a citizen of Illinois or Arizona." *See id.* at 2; *see also* Dkt. No. 1 at 4. Slack argues this creates ambiguity or doubt that defeats subject matter jurisdiction. *See* Dkt. No. 14 at 2.

The undersigned disagrees with this contention. In the next line, State Farm's Notice of Removal clearly states that "[b]ecause Plaintiff is a Texas citizen and State Farm is an Illinois citizen, complete diversity exists." Dkt. No. 1 at 4. And, each bullet detailing State Farm's individual underwriters states a domicile in Illinois with an intent to remain in Illinois. *See id.* at 3-4. The undersigned finds that State Farm has adequately alleged the citizenship of both parties and that complete diversity exists between them. And, so, the Court should deny Slack's Motion to Remand [Dkt. No. 14].

Further, the Court possesses inherent power "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Natural Gas Pipeline Co. of Am. v. Energy Gathering, Inc.*, 2 F.3d 1397, 1406 (5th Cir. 1993) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Under this authority, the Court should warn Slack that filings such as this baseless motion to remand do not further the orderly and expeditious disposition of this case, so further frivolous filings in this

lawsuit could subject him to sanctions, which could include monetary penalties or the dismissal of this lawsuit.

## Recommendation

For the reasons explained above, the Court should deny Plaintiff James D. Slack Jr.'s Motion to Remand [Dkt. No. 14] and retain jurisdiction over this case.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 25, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE